IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDY LORAW and       : No.
WENDY LORAW,            :
                                :
             Plaintiffs       : CIVIL ACTION - LAW
                                : JURY TRIAL DEMANDED
       vs.                       :
                                :
MILTON HERSHEY SCHOOL,       :
                                : Assigned to:
             Defendant.       :

COMPLAINT

**JURISDICTION AND VENUE**

Plaintiffs Andy and Wendy Loraw bring this action against Defendant Milton Hershey School alleging violations of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act based on religious, gender, pregnancy and associational discrimination and violations of the Pennsylvania Human Relations Act based on discrimination in housing.

1.     This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. Section 1331.

2.     This Honorable Court, furthermore, has pendant jurisdiction over Plaintiffs' state law claims against Defendant arising from the same transactions and/or occurrences as the aforesaid federal claims, pursuant to 28 U.S.C. Section 1367(a).

3.    Plaintiffs have complied with all jurisdictional prerequisites, including those set forth in 42 U.S.C. Section 2000e-5(f), and have exhausted all required administrative remedies, including proceeding before the United States Equal Employment Opportunity Commission (EEOC).  Plaintiffs filed their original Complaint of Discrimination with the Pennsylvania Human Relations Commission (PHRC), dual filed with the EEOC, on November 28, 2006.  Plaintiffs received their Notice[s] of Suit Rights from the EEOC on September 24, 2009, and are filing this instant Complaint within ninety (90) days of those Notices.   (True and correct copies of the "Notice[s] of Suit Rights" from the Equal Employment Opportunity Commission dated September 22, 2009 are attached hereto as Exhibit "A").

4.    Defendant transacts business within the Commonwealth of Pennsylvania and is engaged in interstate and intrastate commerce, and the acts in question were committed at Defendant's facility in Derry Township, Dauphin County, Hershey, Pennsylvania.  As such, venue is proper within the instant district.

## PARTIES

5.    Plaintiff, Andy Loraw (hereinafter referred to as "Plaintiff Husband"), is an individual who at all relevant times has resided in the Commonwealth of

Pennsylvania, with a current address of 1409 Spring Hill Drive, Hummelstown, PA 17036.

6.    Plaintiff, Wendy Loraw (hereinafter referred to as "Plaintiff Wife"), is an individual who at all relevant times has resided in the Commonwealth of Pennsylvania, with a current address of 1409 Spring Hill Drive, Hummelstown, PA 17036.

7.    Defendant Milton Hershey School (hereinafter referred to as Defendant or "MHS") was founded in 1909 by chocolate industrialist Milton S. Hershey and his wife Catherine as a home and school located at 1201 Homestead Lane, Hershey, Pennsylvania 17033.

8.    Defendant is an employer within the meaning of 42 U.S.C. Section 2000e-(b) and Title VII of the Civil Rights Act of 1964 and of the PHRA.

## FACTUAL BACKGROUND

9.    Defendant MHS is a school.

10.    Plaintiffs are a married couple.

11.    Plaintiff Husband was hired by Defendant MHS on September 9, 2002 as a Houseparent.

12.    Plaintiff Wife was hired by Defendant MHS on September 9, 2002 as a Houseparent.

3

13.     While employed by MHS, Plaintiffs were represented by the Bakery, Confectionery, Tobacco Workers and Grain Millers International Union, Local 464 (the "Union") and were subject to a collective bargaining agreement.

14.     The Houseparent position was a live-in position, wherein as part of Plaintiffs' compensation, they were provided a private apartment in which to live. The private apartment was connected to the student home over which Plaintiffs had responsibility.

15.     Houseparents are responsible for day-to-day operations of the student home, as well as guiding student development by providing a natural family-like atmosphere in the student home.

16.     At all times relevant hereto, Plaintiffs were the best able and most competent to perform the services required of them as Houseparents and performed their jobs to MHS's legitimate job expectations.

17.     When MHS hired Plaintiffs in September 2002, Plaintiffs had two children.

18.     In December 2004, during a periodic renegotiation of the collective bargaining agreement, MHS proposed that the agreement be amended to include a policy which would limit Houseparents to having no more than two of their own children residing in the private Houseparent apartment appended to the student home.

4

19. MHS previously had such a policy in place but the policy was abolished in 1991, and between 1991 and 2005, there was no such policy governing the number of children a Houseparent could have.

20. The Union rejected MHS's proposal of including such a policy.

21. Thereafter, a renegotiated collective bargaining agreement was ratified which did not contain MHS's proposed limit on the number of children Houseparents may have.

22. On January 5, 2005, MHS unilaterally adopted a Policy (hereinafter referred to as the "Two Child Policy" or the "Policy") providing:

> Please be advised that, in order to better serve our students, our mission, and as a condition of continuing employment as houseparents, effective January 15, 2005, houseparents will be limited to a maximum of two dependent children living in the student home.
>
> Houseparents having three or more dependent children living in the student home or who are pregnant prior to January 15, 2005, will be exempted from this policy at their current number of children. Appropriate medical documentation verifying the on-set of pregnancy may be required to utilize this exemption.

23. On January 11, 2005, Plaintiff Wife gave birth to Plaintiffs' third child. Plaintiffs were grandfathered pursuant to the Policy language.

24. MHS did not distribute the Two Child Policy to, or discuss the Policy with, Plaintiffs at the time it became effective.

5

25.     The Union filed a grievance challenging the unilateral adoption of the Policy, which led to an arbitration in June 2006.

26.     On January 4, 2006, Plaintiffs informed MHS that Plaintiff Wife was pregnant and expecting their fourth child.

27.     After advising MHS of Plaintiff Wife's pregnancy, among other things:

> (a)     Plaintiffs were not assigned a Houseparent activity for the 2006-07 school year, which assignment was a usual, annual event;
>
> (b)     Plaintiffs' names were not shown on either of the two drafts of the Elementary Division Quad Listings, which listing was a usual, annual event; and
>
> (c)     Plaintiffs were not given the opportunity to bid their earned flex (vacation) days.

28.     The arbitrator issued a decision regarding the Two Child Policy on June 14, 2006.  The arbitrator reformed the Policy in part, and the arbitrator's findings were characterized by Vice President of MHS Peter Gurt as follows:

> All houseparents must comply with the policy as written, with the following exceptions:
>
> Houseparents hired prior to January 15, 2005 and who already had two dependent children residing with them in the student home at the time of the implementation of the

6

policy, may have one more dependent child (for a total of three) reside with them in the student home.

In addition, the arbitrator's decision calls for the School to work out details with Local 464 on appropriate opportunities to transfer to or apply for vacant or available positions to qualified houseparents terminated for exceeding the limits of the policy. We look forward to doing so in the coming weeks.

Finally, the arbitration decision calls for specific requirements regarding severance pay and benefits for those houseparents who are impacted by the policy, and who don't get another job at MHS.

29. On June 29, 2006, MHS informed Plaintiffs that they would lose their jobs as Houseparents as well as their MHS housing accommodations because of the then impending birth of their fourth child.

30. MHS told Plaintiffs that they should vacate their MHS private apartment at the end of Plaintiff Wife's maternity leave, no later than September 27, 2006.

31. Plaintiff Wife gave birth to Plaintiffs' fourth child on August 16, 2006.

32. MHS terminated Plaintiffs' employment on September 25, 2006.

33. MHS did not provide Plaintiffs with appropriate opportunities to transfer or apply for vacant or available positions.

34. Plaintiffs vacated their MHS private apartment on September 25, 2006 after MHS terminated their employment.

## CLAIMS

### COUNT I
**Plaintiffs Andy and Wendy Loraw v. Milton Hershey School**

### DISCRIMINATION BASED UPON RELIGION
### TITLE VII; PHRA

35.    The averments set forth in Paragraphs 1 through 34 above are incorporated by reference as if the same were set forth more fully at length herein.

36.    Plaintiffs are members of and have sincerely and deeply held religious beliefs in the Evangelical Christian faith.

37.    Evangelical Christians including Plaintiffs have sincerely and deeply held religious beliefs that abortion is a sin, the killing of a human life and is morally reprehensible.

38.    Plaintiffs took all possible precautions to comply with MHS's unlawful Two Child Policy, including faithfully using contraceptives, prior to conceiving their fourth child.

39.    Under the circumstances previously described in this Complaint, the only way that Plaintiffs could have saved their jobs was for Plaintiff Wife to undergo an abortion.

40.    This option violated Plaintiffs' sincerely held religious beliefs in the sanctity of life.

8

41.    MHS's practices and policies, including the Two Child Policy, forced Plaintiffs to choose between their deeply held religious beliefs and their employment.

42.    MHS refused to accommodate Plaintiffs' sincerely and deeply held religious beliefs despite Plaintiffs' requests.

43.    As a further result of Defendant's actions, each Plaintiff is deprived, has been deprived, and will be deprived of income in the form of wages and prospective retirement benefits, social security and other benefits, promotion opportunities and job assignments due to each Plaintiff as an employee, but denied because of their religion in an amount to be proven at trial.

44.    Plaintiffs are now suffering, and will continue to suffer irreparable injury from Defendant's practices and policies, including the Two Child Policy, as set forth herein.

45.    The acts, failures to act, practices and policies of MHS, including the Two Child Policy, as set forth above, constitute intentional discrimination against Plaintiffs because of religion, in violation of Title VII and the PHRA.

WHEREFORE, Plaintiffs Andy and Wendy Loraw respectfully request judgment in their favor, and against Milton Hershey School, and an award for relief as described in the Prayer For Relief, below.

## COUNT II
### Plaintiff Wendy Loraw v. Milton Hershey School

## DISCRIMINATION BASED UPON GENDER AND PREGNANCY
## TITLE VII; PHRA

46.    The averments set forth in Paragraphs 1 through 45 above are incorporated by reference as if the same were set forth more fully at length herein.

47.    Plaintiff Wife's protected class is a pregnant (at the relevant time) female with a family.

48.    MHS's actions in terminating Plaintiff Wife's employment were unlawfully based upon her status as a pregnant woman with a family in violation of Title VII and the PHRA.

49.    MHS's actions in terminating Plaintiff Wife's employment constitute unlawful discrimination regarding working mothers.

50.    Defendant's Two Child Policy has produced both a disparate adverse treatment of and disparate adverse impact upon Houseparents, including Plaintiff Wife, and Houseparent applicants due to gender, pregnancy, familial status and level of family responsibilities.

51.    Through its Two Child Policy, MHS discriminatorily and unlawfully links the performance abilities of Houseparent applicants and Houseparents, including Plaintiff Wife, with the number of children they have and/or their level of family responsibilities.

52. MHS's actions in this regard constitute unlawful stereotyping based upon Plaintiff Wife's gender and pregnancy plus her familial status and level of family responsibilities.

53. As a result of Defendant's practices and policies, including the Two Child Policy, Plaintiff Wife suffered adverse consequences and was unlawfully and discriminatorily deprived of equal employment opportunities because of her gender, pregnancy, familial status and family responsibilities.

54. As a further result of Defendant's actions, Plaintiff Wife is deprived, has been deprived, and will be deprived of income in the form of wages and prospective retirement benefits, social security and other benefits, promotion opportunities and job assignments due to Plaintiff Wife as an employee, but denied because of her gender, pregnancy, familial status and family responsibilities in an amount to be proven at trial.

55. Plaintiff Wife is now suffering, and will continue to suffer irreparable injury from Defendant's practices and policies, including the Two Child Policy, as set forth herein.

56. The acts, failures to act, practices and policies of MHS, including the Two Child Policy, as set forth above, constitute intentional discrimination against Plaintiff Wife because of her gender, pregnancy, familial status and family responsibilities, in violation of Title VII and the PHRA.

11

WHEREFORE, Plaintiff Wendy Loraw respectfully requests judgment in her favor, and against Milton Hershey School, and an award for relief as described in the Prayer For Relief, below.

## COUNT III
Plaintiff Andy Loraw v. Milton Hershey School

## DISCRIMINATION BASED UPON GENDER
## TITLE VII; PHRA

57.    The averments set forth in Paragraphs 1 through 56, above, are incorporated by reference as if the same were set forth more fully at length herein.

58.    Plaintiff Husband's protected class is a male with a family.

59.    MHS's actions in terminating Plaintiff Husband's employment were unlawfully based upon his gender plus his familial status and family responsibilites in violation of Title VII and the PHRA.

60.    MHS's actions in terminating Plaintiff Husband's employment constitute unlawful discrimination regarding working fathers.

61.    Defendant's Two Child Policy has produced both a disparate adverse treatment of and disparate adverse impact upon Houseparents, including Plaintiff Husband, and Houseparent applicants due to gender, familial status and family responsibilities.

62.    Through its Two Child Policy, MHS discriminatorily and unlawfully links the performance abilities of Houseparent applicants and Houseparents,

including Plaintiff Husband, with the number of children they have and/or their level of family responsibilities.

63. MHS's actions in this regard constitute unlawful stereotyping based upon Plaintiff Husband's gender plus his familial status and level of family responsibilities.

64. As a result of Defendant's practices and policies, including the Two Child Policy, Plaintiff Husband suffered adverse consequences and was unlawfully and discriminatorily deprived of equal employment opportunities because of his gender, familial status and family responsibilities.

65. As a further result of Defendant's actions, Plaintiff Husband is deprived, has been deprived, and will be deprived of income in the form of wages and prospective retirement benefits, social security and other benefits, promotion opportunities and job assignments due to Plaintiff Husband as an employee, but denied because of his gender, familial status and family responsibilities in an amount to be proven at trial.

66. Plaintiff Husband is now suffering, and will continue to suffer irreparable injury from Defendant's practices and policies, including the Two Child Policy, as set forth herein.

67. The acts, failures to act, practices and policies of MHS, including the Two Child Policy, as set forth above, constitute intentional discrimination against

13

Plaintiff Husband because of his gender, familial status and family responsibilities, in violation of Title VII and the PHRA.

WHEREFORE, Plaintiff Andy Loraw, respectfully requests judgment in his favor, and against Milton Hershey School, and an award for relief as described in the Prayer For Relief, below.

### COUNT IV
Plaintiff Andy Loraw v. Milton Hershey School

### DISCRIMINATION BASED UPON ASSOCIATION
### TITLE VII; PHRA

68.    The averments set forth in Paragraphs 1 through 67, above, are incorporated by reference as if the same were set forth more fully at length herein.

69.    Through its practices and policies, including the Two Child Policy, MHS discriminatorily based employment decisions upon Plaintiff Husband's relationship or association with a person (Plaintiff Wife) who was subject to protection under Title VII and the PHRA.

70.    As a result of Defendant's practices and policies, including the Two Child Policy, Plaintiff Husband suffered adverse consequences and was unlawfully and discriminatorily deprived of equal employment opportunities because of his association with a person who was subject to protection under Title VII and the PHRA.

14

71.    As a result of Defendant's actions, Plaintiff Husband is deprived, has been deprived, and will be deprived of income in the form of wages and prospective retirement benefits, social security and other benefits, promotion opportunities and job assignments due to Plaintiff Husband as an employee, but denied because of his relationship or association with a person who was subject to protection under Title VII and the PHRA.

72.    Plaintiff Husband is now suffering, and will continue to suffer irreparable injury from Defendant's practices and policies, including the Two Child Policy, as set forth herein.

73.    The acts, failures to act, practices and policies of MHS, including the Two Child Policy, as set forth above, constitute intentional discrimination against Plaintiff Husband because of his association with a protected individual, his Wife, in violation of Title VII and the PHRA.

WHEREFORE, Plaintiff Andy Loraw, respectfully requests judgment in his favor, and against Milton Hershey School, and an award for relief as described in the Prayer For Relief, below.

**COUNT V**
Plaintiffs Andy and Wendy Loraw v. Milton Hershey School

**HOUSING DISCRIMINATION**
**PHRA**

74.     The averments set forth in Paragraphs 1 through 73, above, are incorporated by reference as if the same were set forth more fully at length herein.

75.     MHS advertises and describes the Houseparent apartments on its Internet website within the job description for the Houseparent position.  In this advertisement, MHS lists a limit (two) to the number of children that may reside in the Houseparent apartment.

76.     Through its practices and policies, including the Two Child Policy, MHS denied or withheld housing accommodations from Plaintiffs on the basis of their familial status in violation of the PHRA, 43 P.S. §953.

77.     The acts, failures to act, practices and policies of MHS, including the Two Child Policy, as set forth above, constitute intentional discrimination against Plaintiffs with regard to their Houseparent housing at MHS, in violation of the PHRA.

WHEREFORE, Plaintiffs Andy and Wendy Loraw respectfully request judgment in their favor, and against Milton Hershey School, and an award for relief as described in the Prayer For Relief, below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment in their favor and against Defendant, and award relief including but not limited to the following:

(1)    Back pay and all other benefits, perquisites and compensation which each Plaintiff would have received had they maintained their employment, including but not limited to lost wages, pay increases, bonuses and benefits, including lost housing;

(2)    Reinstatement to their position or front pay, if reinstatement is not feasible;

(3)    Reimbursement for all costs, expenses, and financial losses each Plaintiff has incurred as a result of the aforementioned actions;

(4)    Reasonable attorneys' fees and costs;

(5)    Compensatory damages;

(6)    Punitive damages; and

(7)    Any and all other relief as the Court may deem appropriate.

**McDONNELL & ASSOCIATES**

_/s/ Patrick J. Mcdonnell_
Patrick J. McDonnell, Esquire
Sarah M. Spletzer, Esquire
PA Attorney ID No. 62310 / 88135
Metropolitan Business Center
860 First Avenue, Suite 5B
King of Prussia, PA  19406
(610) 337-2087

Lawrence S. Markowitz, Esquire
PA Attorney ID No. 41072
The Law Offices of Larry Markowitz
1630 Randow Road
York, PA  17403
(717) 848-3282

Attorneys for Plaintiffs
Andy and Wendy Loraw

Dated:  December 8, 2009